UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THOMAS MCADOO,

        Plaintiff,

                               CASE NO. 06-CV-10913-DT
                               JUDGE PAUL D. BORMAN
                               MAGISTRATE JUDGE PAUL J. KOMIVES

  v.

SAVITHRI KANANI,

        Defendant.

_____/

**REPORT AND RECOMMENDATION REGARDING
DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT
(Doc. Ent. 10)**

Table of Contents

I.    RECOMMENDATION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

II.   REPORT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
    A.    Procedural History . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
    B.    Defendant's Motion to Dismiss Plaintiff's Complaint . . . . . . . . . . . . . . . . . . . . . 2
    C.    Applicable Law . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3
        1.    Fed. R. Civ. P. 12 ("Defenses and Objections") . . . . . . . . . . . . . . . . . . . 3
        2.    28 U.S.C. § 1915 ("Proceedings in forma pauperis") . . . . . . . . . . . . . . . 4
    D.    Analysis . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
        1.    Plaintiff has exhausted his administrative remedies against defendant to
            the extent plaintiff's claim is embodied in SMT-04-01-00026-12I. . . . . . 4
        2.    Plaintiff has stated an Eighth Amendment deliberate indifference claim
            upon which relief may be granted. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9
        3.    The Eleventh Amendment bars some of plaintiff's claim. . . . . . . . . . . . 19

III.  NOTICE TO PARTIES REGARDING OBJECTIONS: . . . . . . . . . . . . . . . . . . . . . . . . . 20

I.    **RECOMMENDATION:**  The Court should deny defendant's motion to dismiss plaintiff's complaint.  (Doc. Ent. 10).

II.    **REPORT:**

A.    **Procedural History**

       Plaintiff is currently incarcerated at Southern Michigan Correctional Facility (JMF).  On December 27, 2005, while incarcerated at Brooks Correctional Facility (LRF), plaintiff filed a form prisoner civil rights complaint in the United States District Court for the Western District of Michigan based upon an occurrence at Parnall Correctional Facility (SMT).[1]  Defendant is described as a physician's assistant at SMT.  (Doc. Ent. 2).  Plaintiff seeks "monetary damages of $ 200,000, for pain and suffering for removal of cane; declaration of deliberate indifference by PA Kanani; return of cane or replacement costs[.]" Doc. Ent. 2 at 5.  Defendant answered the complaint on May 26, 2006.  (Doc. Ent. 7).

B.    **Defendant's Motion to Dismiss Plaintiff's Complaint**

       On May 30, 2006, Judge Borman referred this case to me for all pretrial proceedings. (Doc. Ent. 8).  On July 20, 2006, defendant filed a motion to dismiss plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and Fed. R. Civ. P. 12(b)(6).  (Doc. Ent. 10). Defendant argues that plaintiff has not stated a claim for relief (Doc. Ent. 10 at 9-10), and plaintiff has not exhausted his administrative remedies (Doc. Ent. 10 at 10).

       Plaintiff responded to the motion on August 14, 2006.  (Doc. Ent. 12).  On August 16, 2006, I entered an order directing plaintiff to file grievance forms within twenty-one (21) days of the date of my order.  (Doc. Ent. 14).

---

[1] Case No. 1:05-CV-851.

On August 21, 2006, defendant filed a reply.  (Doc. Ent. 15).  On September 11, 2006, plaintiff filed several grievance forms.  (Doc. Ent. 16).  On September 12, 2006, defendant filed a supplemental brief.  (Doc. Ent. 17).  On September 25, 2006, plaintiff filed a response to defendant's supplemental brief.  (Doc. Ent. 18).

**C.      Applicable Law**

**1.      Fed. R. Civ. P. 12 ("Defenses and Objections")**

Federal Rule of Civil Procedure 12 sets forth rules regarding defenses and objections.  As to how defenses and objections should be presented, the rule states in pertinent part:

> Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: . . . (6) failure to state a claim upon which relief can be granted[.]

Federal Rules of Civil Procedure 12(b)(6).  "If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56."  Fed. R. Civ. P. 12(b).

In order for a court to dismiss a complaint for failure to state a claim, it must appear beyond doubt that plaintiff can prove no set of facts supporting his claim that would entitle him to relief.  *See Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).  Plaintiff is not required to specifically set out the facts upon which he bases his claim.  *See id*. at 47.  Rather, "a short and

plain statement of the claim" pursuant to Federal Rule of Civil Procedure 8(a)(2) gives defendant fair notice of plaintiff's claim and the grounds upon which it rests. *See id*.

The reviewing court must construe the complaint in the light most favorable to plaintiff and must presume all factual allegations in the complaint as true. *See Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987). The purpose of Rule 12(b)(6) is to give defendant the opportunity to test whether plaintiff is entitled to legal relief as a matter of law even if everything alleged in the complaint is true. *See Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993). "The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." *Conley*, 355 U.S. at 48. A dismissal under Rule 12(b)(6) is generally disfavored by courts, as it is a dismissal on the merits. 2A JAMES W. MOORE, MOORE'S FEDERAL PRACTICE ¶ 12.07 (2d ed. 1995).

**2.      28 U.S.C. § 1915 ("Proceedings in forma pauperis")**

Title 28 of the United States Code governs the judiciary and judicial procedure. Section 1915, which governs in forma pauperis proceedings, provides that "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . . the action or appeal . . . fails to state a claim on which relief may be granted[.]" 28 U.S.C. § 1915(e)(2)(B)(ii).

**D.      Analysis**

**1.      Plaintiff has exhausted his administrative remedies against defendant to the extent plaintiff's claim is embodied in SMT-04-01-00026-12I.**

**a.      42 U.S.C. § 1997e ("Suits by prisoners") generally**

4

Title 42 of the United States Code governs the public health and welfare.  Section 1997e governs 42 U.S.C. § 1983 suits by prisoners.  This section states in part that, "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).  The Sixth Circuit has held that "the new exhaustion requirement, while not jurisdictional, is mandatory and must be addressed in the first instance by the district court in all prisoner civil rights cases–before the merits of the case are addressed."  *Clark v. Beebe*, No. 98-1430, 1999 WL 993979, **1 (6th Cir. Oct. 21, 1999) (unpublished).  Further, "[t]he exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."  *Porter v. Nussle*, 534 U.S. 516, 532 (2002).

Plaintiff has the burden to prove that he or she has exhausted his or her administrative remedies.  In *Brown v. Toombs*, 139 F.3d 1102 (6th Cir. 1998) (per curiam), the Sixth Circuit held that, under 42 U.S.C. § 1997e(a), "prisoners filing § 1983 cases involving prison conditions must allege and show that they have exhausted all available state administrative remedies.  A prisoner should attach to his § 1983 complaint the administrative decision, if available, showing the administrative disposition of his complaint."  *Brown*, 139 F.3d at 1103.

With regard to the dismissal of prisoner lawsuits, 42 U.S.C. § 1997e(c) provides:

(1) The court shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.

5

(2) In the event that a claim is, on its face, frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief, the court may dismiss the underlying claim without first requiring the exhaustion of administrative remedies.

42 U.S.C. § 1997e(c)(1)-(2).  In addition, "federal courts should not adjudicate any such claim until after exhaustion unless the complaint satisfies § 1997e(c)(2)."  *Brown*, 139 F.3d at 1104.

**b.**    **Plaintiff's grievances** [2]

**i.**    On December 24, 2003, plaintiff completed a Step I grievance form regarding a December 23, 2003 incident.  This grievance specifically mentions defendant.  **SMT-03-12-03952-12D**.

**ii.**    On December 29, 2003, plaintiff completed a Step I grievance form regarding a December 23, 2003 to present incident.  Although difficult to read, it specifically names defendant:

On 12/23/03 my cane was taken by PA Kanani, this cane was not a state cane and I was not given a contraband removal for the cane, it is my personal property not the state[']s.  I attempted to explain that it was difficult to walk without the cane but Kanani did not seem to care.  Since that time it has become very difficult to get around.  I am having trouble going to and from the chow hall and getting to and from my call outs.  PA Kanani's action's are deliberate and in violation of my protected rights.  8th . . . and 14th Amendments of the U.S. Constitution.  Furthermore, pursuant to an agreement in Hadix, she cannot take my cane without a proper examination.  In which she is not qualified to perform.  Her actions are causing pain while walking or any moving. . . . Return my cane to me and allow me to use it until a proper examination can be done by a specialist since I am disabled.  Remove PA Kanani w/o pay as allowed by policy.  Supply a contraband removal for the cane if it is to be kept.

**SMT-04-01-00026-12I**.  A January 27, 2004 MDOC Memorandum (regarding the Step I grievance response) from Debbie L. Roth, RN/HUM, to the grievance coordinator deemed this

---

[2]Unless otherwise noted, the documents in this section are contained in plaintiff's September 11, 2006 (Doc. Ent. 16) and September 25, 2006 (Doc. Ent. 18) filings.

grievance duplicative of SMT-03-12-03952-12D and concluded that appropriate action had been taken to resolve the grievance. Roth signed the memorandum on January 28, 2004, and Peggy Lee, RN Supervisor, signed the memorandum on January 29, 2004. The Step I grievance response was signed by these individuals on the same dates. Plaintiff completed a Step II grievance appeal on January 30, 2004. Barbara Hladk signed the Step II response on March 27, 2004. Jim Armstrong signed the Step III grievance response on July 15, 2004.

      **iii.**     On February 18, 2004, plaintiff filed a Step I grievance form regarding a February 13, 2004 incident. **SMT-04-02-00286-12I**. Plaintiff did not show for his February 28, 2004 callout to be interviewed for SMT-04-02-00286-12I. Debbie L. Roth responded to the grievance on March 3, 2004, and Peggy Lee reviewed the grievance on March 4, 2004. Plaintiff completed a Step II grievance appeal on March 12, 2004. The Step II grievance appeal response is dated June 2004 and is signed by Alfred Jones. On July 7, 2004, personal correspondence was exchanged between plaintiff and SMT health care. Jim Armstrong signed the Step III grievance response on November 16, 2004.

      **iv.**     Sometime in March 2004, plaintiff completed a Step I grievance. **SMT-04-03-00428-17z.** Warden H. White signed the Step II grievance appeal response.

      **v.**     Sometime in March 2004, plaintiff completed a Step I grievance regarding a March 10, 2004 incident (the date he was escorted to first aid). **SMT-04-03-00429-17I**. On April 7, 2004, plaintiff completed a Step II grievance appeal form. H. White signed the response on April 19, 2004. Plaintiff completed a Step III grievance appeal.[3]

_____

    [3]In addition, plaintiff claims he wrote a letter to MDOC Internal Affairs Division; Michigan Department of Community Health and CFA. He also mentions Barbara Bach, Regional III Office. Doc. Ent. 2 at 3 ¶ F.

c.      **Analysis**

To begin, defendant argues that plaintiff's September 11, 2006 submission of grievances is tardy pursuant to my August 16, 2006 order.  Doc. Ent. 17.  My order required plaintiff to file copies of his grievance forms within twenty-one (21) days of the date of my order.  Therefore, plaintiff's grievances should have been filed by September 6, 2006.  Plaintiff's submission, although filed on September 11, 2006, is dated September 5, 2006.  Even though plaintiff did not attach a proof of service to this mailing, this report assumes that plaintiff's motion was delivered immediately to prison authorities for mailing.  *See Houston v. Lack*, 487 U.S. 266, 276 (1988) (holding that a prisoner's "notice of appeal was filed at the time petitioner delivered it to the prison authorities for forwarding to the court clerk.").  Therefore, plaintiff's September 11, 2006 filing was timely.

That being said, grievance SMT-04-01-00026-12I was appealed to Step III, as evidenced by the July 15, 2004 Step III grievance response.  Doc. Ent. 18 at 18.  Furthermore, despite defendant's claim to the contrary, the related December 29, 2003 Step I grievance specifically mentions defendant in the first, third, sixth and eleventh lines of plaintiff's description of his grievance.  Also, as stated above, the description states that defendant took plaintiff's cane on December 23, 2003; plaintiff tried to explain that he had difficulty walking without the cane, but defendant did not care; and defendant's actions were "deliberate and in violation of my protected rights[,]" citing at least the Eighth and Fourteenth Amendments.  Doc. Ent. 16 at 9; Doc. Ent. 18 at 11.

Therefore, the Court should conclude that plaintiff's claim is exhausted to the extent it is embodied in the SMT-04-01-00026-12I, December 29, 2003 Step I grievance.

2.      **Plaintiff has stated an Eighth Amendment deliberate indifference claim upon which relief may be granted.**

a.      **Deliberate indifference under the Eighth Amendment**

The Eighth Amendment provides: "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted."  U.S. CONST. amend. VIII.  In its purest sense, the Eighth Amendment proscribes cruel and unusual punishment meted out in a penal or disciplinary sense.  In its application by the courts, the amendment actually protects a wide assortment of interests.  It proscribes disproportionate punishments, *Weems v. United States*, 217 U.S. 349, 366-67 (1910), "unnecessary and wanton infliction of pain," *Gregg v. Georgia*, 428 U.S. 153, 173 (1976) (plurality opinion), and conduct repugnant to "evolving standards of decency," *Trop v. Dulles*, 356 U.S. 86 (1958) (plurality opinion).  *See generally, Parrish v. Johnson*, 800 F.2d 600, 609 (6th Cir. 1986).

The Constitution "does not mandate comfortable prisons."  *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981).  On the other hand, it does not permit inhumane ones, and it is clear that "the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment."  *Helling v. McKinney*, 509 U.S. 25, 31 (1993); *see also, Farmer v. Brennan*, 511 U.S. 825, 832 (1994).  The amendment imposes affirmative duties on prison officials,

> who must provide humane conditions of confinement; prison officials must ensure that inmates receive adequate food, clothing, shelter and medical care, and must "take reasonable measures to guarantee the safety of the inmates."

*Id*. (quoting *Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984)).

If the offending conduct is not a criminal penalty, then it must reflect an "'unnecessary and wanton infliction of pain'" to come within Eighth Amendment's prohibition on cruel and

9

unusual punishment.  *Ingraham v. Wright*, 430 U.S. 651, 670 (1977) (quoting *Estelle v. Gamble*,

429 U.S. 97, 103 (1976)).  Such claims must satisfy both an objective and a subjective test.

*Farmer*, 511 U.S. at 834; *Wilson v. Seiter*, 501 U.S. 294, 297-300 (1991).  Under this analysis,

what constitutes "unnecessary and wanton infliction of pain" will vary depending on the nature

of the alleged constitutional violation.  *Hudson v. McMillian*, 503 U.S. 1, 5 (1992); *Brooks v.*

*Celeste*, 39 F.3d 125, 128 (6th Cir. 1994).  The plaintiff bears the burden of proving these

elements by a preponderance of the evidence.  *Brooks*, 39 F.3d at 127-28.

      The objective prong asks whether the harm inflicted by the conduct is sufficiently serious

to warrant Eighth Amendment protection.  *McMillian*, 503 U.S. at 8-9; *Rhodes*, 452 U.S. at 349

(1981).  To satisfy this prong, the conduct must deprive the plaintiff of "the minimal civilized

measure of life's necessities."  *Rhodes*, 452 U.S. at 349.  The objective component is

contextually driven and is responsive to "'contemporary standards of decency.'"  *McMillian*, 503

U.S. at 8 (quoting *Estelle*, 429 U.S. at 103).

      The subjective prong asks whether the officials acted with a sufficiently culpable state of

mind; that is, was the conduct "wanton."  *Wilson*, 501 U.S. at 302; *Moore v. Holbrook*, 2 F.3d

697, 700 (6th Cir. 1993).  In determining whether an official acted wantonly, the court applies a

"deliberate indifference" standard.  *Wilson*, 501 U.S. at 302-03; *see Estelle*, 429 U.S. at 104-06.

Under this "deliberate indifference" standard,

> a prison official may be held liable under the Eighth Amendment for denying
> humane conditions of confinement only if he knows that inmates face a
> substantial risk of serious harm and disregards that risk by failing to take
> reasonable measures to abate it.

*Farmer*, 511 U.S. at 847.  A prison official is not free to ignore obvious dangers to inmates, and

may be liable even if he does not know the exact nature of the harm that may befall a particular

10

inmate. *Id*. at 843-44.  However, prison officials may escape liability if they show that they in

fact did not know of the obvious risk to the inmate's health or safety, or knowing of it, they acted

reasonably under the circumstances.  *Id*. at 844-45.

**b.      Plaintiff's claims**

As alleged in the complaint, on December 23, 2003, while at SMT's health care unit:

> . . . [defendant] determined that [plaintiff] no longer needed aide of [a] cane to
> walk. [Plaintiff] conveyed to [defendant] the need of using his cane to assist in
> walking.  Because of this blatant disregard of [plaintiff's] need to have access to
> an aide to walk because of his hip replacement[,] [defendant] deliberately
> endangered [plaintiff's] health.  The following events occurred after removal of
> use of [plaintiff's] cane:  repeated loss of balance and falling to the ground,
> causing bruising and cuts; intense pain when having to place weight on
> replace[ment] hip; indignity of having to wobble when having to go to yard or
> call-outs[.] [T]he eventual result is [plaintiff's] placement in a wheelchair, which
> he . . . has to use when not in his cell.

(Doc. Ent. 2 at 4).  Although documentation is not provided, plaintiff claims he received a

misconduct charge for refusing to obey a direct order to give his cane to staff and for causing a

disturbance.  He was found guilty after an administrative hearing.  Doc. Ent. 2 at 3 ¶ D.

**c.      Parties' arguments**

Citing *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000),[4] defendant argues that

plaintiff's claim should be dismissed pursuant to 28 U.S.C. § 1915(e)(2).  Doc Ent. 10 at 10.

Citing the above referenced paragraph in plaintiff's complaint, defendant contends that

plaintiff's claim "centers on [defendant's] medical opinion that Plaintiff no longer needed use of

a cane."  Doc. Ent. 10 at 9.  Defendant characterizes plaintiff's complaint as alleging "a

---

[4] "[T]he plaintiff's in the present case have alleged facts
that could conceivably show that the warden acted with deliberate
indifference towards future health problems that the inmates may
develop as a result of the unsafe sleeping conditions in their
housing cells."  *Brown*, 207 F.3d at 868.

disagreement with the medical care provided to him[.]" Doc. Ent. 10 at 9.  In support of this

argument, defendant cites *Estelle* and *Westlake v. Lucas*, 537 F.2d 857 (6th Cir. 1976) wherein

the Court stated: "We distinguish between cases where the complaint alleges a complete denial

of medical care and those cases where the claim is that a prisoner received inadequate medical

treatment.  Where a prisoner has received some medical attention and the dispute is over the

adequacy of the treatment, federal courts are generally reluctant to second guess medical

judgments and to constitutionalize claims which sound in state tort law.  Of course, in some

cases the medical attention rendered may be so woefully inadequate as to amount to no treatment

at all."  *Westlake*, 537 F.2d at 860 n.5 (6th Cir. 1976) (citations omitted).  Also, in reliance upon

*Hicks v. Frey*, 992 F.2d 1450, 1455 (6th Cir. 1993),[5] defendant contends that plaintiff "failed to

allege that [defendant's] conduct demonstrated a level of deliberateness 'tantamount to an intent

to punish.'" Doc. Ent. 10 at 9.  Additionally, in reliance upon *Knuckles El v. Toombs*, 215 F.3d

640, 642 (6th Cir. 2000),[6] defendant argues that plaintiff's complaint "lacks the requisite

specificity of an Eighth Amendment deliberate indifference claim."  Doc. Ent. 10 at 9-10.

---

[5] "The official's conduct 'must demonstrate deliberateness tantamount to an intent to punish.'" Hicks, 992 F.2d at 1455 (citing *Molton v. City of Cleveland*, 839 F.2d 240, 243 (6th Cir. 1988)).

[6] "[I]n order to effectuate [the] language [of 42 U.S.C. § 1997e(a)], a prisoner must plead his claims with specificity and show that they have been exhausted by attaching a copy of the applicable administrative dispositions to the complaint or, in the absence of written documentation, describe with specificity the administrative proceeding and its outcome. The reason for the requirement to show with specificity both the claims presented and the fact of exhaustion is so that the district court may intelligently decide if the issues raised can be decided on the merits." *Knuckles El*, 215 F.3d at 642.

Plaintiff disputes that he is "alleging a disagreement with the medical care provided him." Plaintiff contends that his complaint "clearly stated his claim by identifying the Defendant as the individual responsible for the removal of [plaintiff's] walking cane, for which the Defendant says wasn't needed in the Plaintiff need to walk, but the Plaintiff was eventually assigned a wheel chair in which to move around the prison." According to plaintiff, defendant "was solely responsible for the decision to have the Plaintiff's walking cane, because of hip replacement surgery, taken away because [s]he determined that it was no longer needed. Yet it was determined by other medical staff the use of a wheelchair was needed for the Plaintiff in order to move around, because of the hip replacement. The Defendant showed deliberate indifference when she wrote the order for the removal of the walking cane." Plaintiff also contends that the complaint contains a reasonable and clear explanation of the requested relief - return of the walking cane. Doc. Ent. 12 at 7.

Defendant replies that "plaintiff's allegations amount to a difference in medical opinion which is not cognizable under the Eighth Amendment." Based on plaintiff's statement that defendant determined the cane was no longer needed, defendant characterizes plaintiff's claim as centering "on Defendant's medical opinion that Plaintiff no longer needed use of a cane." Therefore, defendant argues, plaintiff's complaint alleges "a disagreement with the medical care provided to him[.]" Also, citing *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000), defendant contends that plaintiff "has failed to demonstrate that Defendant's decision to provide no, or substandard, medical care was deliberate or knowing." Doc Ent. 15 at 7-8.

**d.      Analysis**

**i.**     To begin, this report assumes that plaintiff's need for a cane in light of his hip

replacement is the type of serious medical need to which a claim of Eighth Amendment

deliberate indifference would apply.  *Gessler v. McMackin*, No. 93-3661, 1993 WL 513902, *2

(6th Cir. Dec. 9, 1993) ("Gessler has established that he suffers from a serious medical condition.

His back condition, which he has identified as a degenerative spinal disease, constitutes a serious

medical condition, as evidenced by the necessity to provide him with the quad cane."); *Williams*

*v. Wright*, 162 Fed. Appx. 69, 70-71 (2d Cir. 2006) ("The parties agree that Williams's

degenerative hip condition constituted an objectively serious medical condition for purposes of

Eighth Amendment analysis.").

**ii.**     At the heart of the instant motion is the question of whether plaintiff has alleged that

defendant was deliberately indifferent.  As the United States Supreme Court has stated:

> . . . an inadvertent failure to provide adequate medical care cannot be said to
> constitute "an unnecessary and wanton infliction of pain" or to be "repugnant to
> the conscience of mankind."  Thus, a complaint that a physician has been
> negligent in diagnosing or treating a medical condition does not state a valid
> claim of medical mistreatment under the Eighth Amendment.  Medical
> malpractice doses not become a constitutional violation merely because the victim
> is a prisoner.  In order to state a cognizable claim, a prisoner must allege acts or
> omissions sufficiently harmful to evidence deliberate indifference to serious
> medical needs.  It is only such indifference that can offend 'evolving standards of
> decency' in violation of the Eighth Amendment.

*Estelle*, 429 U.S. at 105-106.  In analyzing Estelle's claim, the Court stated:

> But the question whether an X-ray–or additional diagnostic techniques or forms
> of treatment–is indicated is a classic example of a matter for medical judgment.
> A medical decision not to order an X-ray, or like measures, does not represent
> cruel and unusual punishment.  At most it is medical malpractice, and as such the
> proper form is the state court under the Texas Tort Claims Act.

*Id*. at 107 (footnote omitted).  Citing *Estelle*, the Sixth Circuit has several times stated that

"[c]omplaints of malpractice or allegations of negligence are insufficient to entitle a plaintiff to

14

relief, and a prisoner's difference of opinion regarding treatment does not rise to the level of an Eighth Amendment violation." *DeFreeze v. Zuberi*, 39 Fed. Appx. 137, 139 (6th Cir. 2002) (citations omitted). *See also Moses v. Coble*, 23 Fed. Appx. 391, 392 (6th Cir. 2001); *McKinley v. Bowlen*, 8 Fed. Appx. 488, 492 (6th Cir. 2001).

Perhaps this concept is best illustrated by example. For instance, in *DeFreeze*, plaintiff appealed the district court's grant of summary judgment. *DeFreeze*, 39 Fed. Appx. at 137. Plaintiff contended that "in 1998 Dr. Zuberi did not adequately diagnose his condition and that Dr. Zuberi should have allowed him to consult with a neurologist." *DeFreeze*, 39 Fed. Appx. at 139. Citing *Estelle* and *Westlake*, the Court stated: "DeFreeze's claim constitutes a mere difference of opinion between himself and Dr. Zuberi, and no Eighth Amendment claim is stated if the case involves a difference of opinion between the plaintiff and his doctor regarding diagnosis and treatment." *Id*.

In *Moses*, the Court reviewed the district court's dismissal of the complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2). *Moses*, 23 Fed. Appx. at 392. The Court stated: "A cursory reading of Moses's complaint reflects that he is dissatisfied with the defendants' decision to respond to his back pain with over-the-counter medications. This dissatisfaction does not implicate Eighth Amendment concerns. The appeal lacks merit." *Id*.

In *McKinley*, the Court reviewed the district court's award of summary judgment. *McKinley*, 8 Fed. Appx. at 491. Plaintiff argued that "defendants violated his Eighth Amendment rights by placing the medical restrictions on him which precluded his assignment to the sewing machine position." *Id*. at 492. The Court stated: "McKinley's claim merely reflects

a difference of opinion with the diagnosis provided by medical personnel and is insufficient to state a claim for a violation of his Eighth Amendment rights." *Id*.

In *McKee v. Turner*, No. 96-3446, 1997 WL 525680 (6th Cir. Aug. 25, 1997), the Court affirmed summary judgment. *McKee*, 1997 WL 525680, *5. The Court stated that "[t]he conflicting evidence relate[d] only to whether prior records on Holland would have alerted the defendant to the likelihood that Holland would attempt suicide, and whether the medication being given was appropriate, and whether this suicide could have been predicted and prevented." *Id.* The Court stated "[a]t most, these facts demonstrate that there is a difference of opinion among professionals as to what the accepted practice within the psychiatric community is. It is well-settled that even if Dr. Morcos's treatment constituted negligence or medical malpractice, it would not be actionable under § 1983." *Id*.

**iii.**   At issue in this case is plaintiff's "right not to have his serious medical needs [in this case the use of a cane where there has been hip replacement] treated with deliberate indifference." *Williams v. Mehra*, 186 F.3d 685, 691 (6th Cir. 1999) (footnote omitted). For purposes of the instant motion to dismiss, the Court must consider whether plaintiff's allegations constitute an Eighth Amendment claim of deliberate indifference (as opposed to a medical malpractice/negligence claim)?

To answer this question, it is helpful to examine Sixth Circuit cases where the denial of an ambulatory device was the subject of a prisoner's Eighth Amendment deliberate indifference claim. In *Berryman v. Howes*, No. 00-1231, 2000 WL 1800539 (6th Cir. Nov. 30, 2000), on appeal from an award of summary judgment the Court stated:

> Berryman alleged that a prison doctor violated his Eighth Amendment rights by
> denying him support stockings, knee braces and one of two canes. The district

16

court properly rejected this claim because Berryman did not show that the
defendant acted with deliberate indifference or wantonness, that is more than
mere negligence.  *See Farmer v. Brennan*, 511 U.S. 825, 834-35 (1994).
Berryman's allegations regarding the need for specific ambulatory aids are not
well supported. Moreover, the record indicates that he received medical treatment
for several impairments during the time that is pertinent to his complaint.  Thus,
Berryman has alleged no more than a medical malpractice claim that does not rise
to the level of a constitutional violation.  *See Estelle v. Gamble*, 429 U.S. 97, 106-
07 (1976); *Sanderfer v. Nichols,* 62 F.3d 151, 154-55 (6th Cir.1995).

*Berryman*, 2000 WL 1800539 at *1.  In *Johnson v. Hardin County, Ky.*, 908 F.2d 1280 (6th Cir.

1990), on appeal from denial of motions for directed verdict and judgment notwithstanding the

verdict plaintiff "alleged that the defendants withheld medical care prescribed by his physician

and did not provide him with the materials and facilities necessary for cleanliness and relative

comfort during his treatment."  *Johnson*, 908 F.2d at 1284.  The Court stated:

> The defendants assert that, at most, their misinterpretation of the doctor's
> instructions and failure to respond to the plaintiff's complaints constitute
> negligence.  Where there is credible testimony that a prisoner was denied
> prescribed pain relief medication, denied access to shower facilities, denied
> crutches, and denied needed bedding in spite of his repeated requests and
> complaints made personally to the defendants, we believe a jury could reasonably
> conclude otherwise.

*Id*.

Furthermore, albeit in an unpublished case from a district court outside of the Sixth

Circuit, in *Flakes v. Frank*, 2004 WL 941208, *6 (W. D. Wis. Apr. 30, 2004), wherein the court

screened plaintiff's complaint, the court stated with regard to the denial of medical care:  "In

alleging that it is defendant Corrections Corporation of America's policy to deny prisoners their

canes, double mattresses and a chair, and to refuse to arrange for surgery despite a surgeon's

assessment that surgery is necessary, plaintiff has stated a claim of deliberate indifference

against the corporation. Accordingly, plaintiff may proceed on this claim."  The court concluded

17

that plaintiff would be permitted to "proceed on his claim against defendant Corrections Corporation of America that its policy of denying him a cane, double mattresses and a chair and its refusal to arrange for hip replacement surgery deprived plaintiff of his Eighth Amendment rights." *Flakes*, 2004 WL 941208 at *10.

In another unpublished case from a district court outside of the Sixth Circuit, *Brady v. Griffith*, No. 95 Civ. 2364(JFK), 1998 WL 814630 (S.D.N.Y. Nov. 23, 1998) (motion for summary judgment), plaintiff suffered "from diabetes, arthritis, and ha[d] received an ileostomy.[7]  She claim[ed] that Griffith's denial of her use of a wheelchair prevented her from receiving treatment for these conditions." *Brady*, 1998 WL 814630, *3.  With regard to defendant's state of mind, the court stated that certain facts "lead to an inference that Griffith knew Brady needed a wheelchair, and she denied Brady the use of one." *Brady*, 1998 WL 814630, *5.

**iv.**     A reading of plaintiff's complaint, specifically Section V, shows that plaintiff has alleged a serious medical need (use of a cane to assist with walking where there has been hip replacement) and deliberate indifference to that need ("blatant disregard", "deliberately endangered his health").  Based on these allegations, defendant's argument that plaintiff is alleging a dispute with his medical treatment, such as a claim of negligence or malpractice, is best address in a motion for summary judgment.[8]

---

[7]An ileostomy is "[t]he surgical formation of an opening into the ileum.  The ileum is the third and last part of the small intestine.  It ends at the beginning of the large intestine, with which it communicates."  2 SCHMIDT'S ATTORNEYS' DICTIONARY OF MEDICINE, I-20 (1995).

[8]Although not properly the subject of the instant motion to dismiss, the grievances and responses shed some light on the bases of plaintiff's claim(s).  On December 23, 2003, defendant

3.      **The Eleventh Amendment bars some of plaintiff's claim.**

Plaintiff sues defendant in her individual and official capacity.  Doc. Ent. 2 at 4 ¶ B.

Plaintiff may not sue defendant for damages in her official capacity, because "[t]he Judicial

power of the United States shall not be construed to extend to any suit in law or equity,

commenced or prosecuted against one of the United States by Citizens of another State, or by

Citizens or Subjects of any Foreign State."  U.S. CONST. amend. XI.  42 U.S.C. § 1983 "does

not provide a federal forum for litigants who seek a remedy against a State for alleged

deprivations of civil liberties." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989).

However, plaintiff may seek injunctive relief from a state official sued in his or her official

capacity.  *Will*, *supra*, 491 U.S. at 71 n. 10.

Plaintiff may sue defendant for damages in her personal capacity, because 'state officials,

sued in their individual capacities, are 'persons' within the meaning of § 1983.  The Eleventh

Amendment does not bar such suits, nor are state officers absolutely immune from personal

---

ordered Sgt. Hawkins to take plaintiff's cane from him.  Doc.
Ent. 18 at 10.  Apparently, defendant determined that "it was not
medically advisable for [plaintiff] to continue to ambulate with
the cane as it was altering his gait."  Doc. Ent. 16 at 8; Doc.
Ent. 18 at 19.
       On January 27, 2004, plaintiff was seen by Debbie Roth
regarding the removal of plaintiff's cane.  She told plaintiff he
would be scheduled for physical therapy at DWH that day.   On
February 13, 2004, plaintiff sent a kite to Roth "with regard to
the inhumane treatment and living conditions [he was] being
provided because of health care."  By February 18, 2004,
plaintiff had not yet been provided a cane.  Doc. Ent. 16 at 2;
Doc. Ent. 18 at 14.  Roth promised plaintiff "would be seen by
[DWH physical therapy] on February 18, 2004[.]"  Doc. Ent. 16 at
3, 6; Doc. Ent. 18 at 15.
       On March 10, 2004, plaintiff was escorted to SMT first aid.
Doc. Ent. 16 at 4.  As of March 12, 2004, plaintiff had not yet
had DWH physical therapy.  Doc. Ent. 18 at 14.

liability under § 1983 solely by virtue of the 'official' nature of their acts." *Hafer v. Melo*, 502 U.S. 21, 31 (1991).

For the foregoing reasons, the Court should only consider the claims against defendant insofar as she is sued in her personal capacity to the extent that plaintiff seeks monetary damages. **III.**        **NOTICE TO PARTIES REGARDING OBJECTIONS:**

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505, 508-09 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981). Filing of objections that raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995); *Willis v. Sullivan*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall not be more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/Paul J. Komives                          
PAUL J. KOMIVES
UNITED STATES MAGISTRATE JUDGE

Dated 10/16/06

<div style="border:2px solid black; padding:8px;">

The undersigned certifies that a copy of the foregoing order was served on the attorneys of record by electronic means or U.S. Mail on October 16, 2006.

s/Eddrey Butts
Case Manager

</div>