**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

THOMAS McADOO,

        CASE NO. 06-CV-10913

    Plaintiff,

        PAUL D. BORMAN
v.        UNITED STATES DISTRICT JUDGE

SAVITHRI KANANI, PA        PAUL J. KOMIVES
        UNITED STATES MAGISTRATE JUDGE

    Defendant.

_____/

**OPINION AND ORDER**
**(1) REJECTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION;**
**AND (2) GRANTING DEFENDANT'S MOTION TO DISMISS (DOCKET NO. 10)**

Before the Court are Defendant's October 26, 2006 Objections to the Magistrate Judge's October 10, 2006 Report and Recommendation Regarding Defendant's Motion to Dismiss. (Docket No. 21). For the following reasons, the Court REJECTS the Magistrate Judge's Report and Recommendation and GRANTS Defendant's Motion to Dismiss.

**I.    BACKGROUND**

    **A.    Factual and Procedural**

Plaintiff Thomas McAdoo, a prisoner, filed his Complaint pursuant to 42 U.S.C. § 1983 against Defendant Savithri Kanani, a physician assistant, alleging that Defendant was deliberately indifferent to Plaintiff's medical needs when she determined that Plaintiff no longer needed the aid of a cane to walk. As a result of the loss of his cane, Plaintiff has alleged that he has experienced (1) repeated loss of balance and falling to the ground, causing bruises and cuts;

(2) intense pain when having to place weight on his replacement hip, (3) the indignity of having to "wobble" when having to go out to the prison yard, and (4) his resulting placement in a wheelchair. (Compl. ¶ V). As a result, Plaintiff seeks monetary damages of $200,000 and the return of his cane or its replacement costs. (Compl. ¶ 6).

Defendant filed her Motion to Dismiss Plaintiff's Complaint under FRCP 12(b)(6) and 28 U.S.C. 1915(e)(2)(B)(ii) on July 20, 2006. (Docket No. 10). Plaintiff submitted his Response on August 14, 2006. (Docket No. 12). Since Plaintiff did not attach the required prison grievance forms to his Complaint, on August 16, 2006, the Magistrate Judge ordered Plaintiff to produce copies of the grievances within twenty-one (21) days of that order. (Docket No. 14). Copies of Plaintiff's grievance forms were filed on September 11, 2006. (Docket No. 16). Defendant filed a Supplemental Brief on September 12, 2006. (Docket No. 17). Plaintiff filed a Response to Defendant's Supplemental Brief on September 25, 2006. (Docket No. 18).

### B.      Magistrate Judge's Report and Recommendation

In its Motion to Dismiss and Supplemental Brief, Defendant argues that Plaintiff had failed (1) to exhaust his administrative remedies in the state correctional system before filing suit in federal court and (2) to state a § 1983 deliberate indifference claim. The Magistrate Judge concluded that Plaintiff exhausted his administrative remedies against Defendant through Step III of the grievance process. Furthermore, the Magistrate Judge concluded that Plaintiff's allegations were sufficient to state a claim for deliberate indifference under § 1983.

Defendant filed her Objections on October 26, 2006, claiming the following errors in the Magistrate's Report and Recommendation:

(1)     Timeliness of Plaintiff's filing of the grievance forms;

      (2)      Plaintiff's exhaustion of his administrative remedies; and
      (3)      Plaintiff's stating of a claim of deliberate indifference under § 1983.

Plaintiff did not submit a Response to Defendant's Objections.

## II.    ANALYSIS

### A.    Standard of Review

A court will grant a defendant's motion to dismiss only when it appears beyond doubt that the Plaintiff can prove no set of facts in support of his claim that would entitle him to relief, after construing the complaint in the light most favorable to the plaintiff and accepting as true the factual allegations. *Klimas v. Comcast Cable Commc'ns., Inc*. 465 F.3d 271, 275 (6th Cir. 2006) (internal quotations and citation omitted). Under FRCP 72(b), upon objections from a party on a magistrate judge's report and recommendation on dispositive motion, this Court reviews the decision of the Magistrate Judge *de novo*.

### B.    Timeliness of Plaintiff's Submission of the Grievance Forms

Defendant argues that Plaintiff failed to file his prison grievance forms with the Magistrate Judge within twenty-one (21) days of his August 16, 2006 Order. According to the electronic filing system, the Magistrate Judge received the grievance forms on September 11, 2006, although the document itself was dated September 5, 2006. Plaintiff filed additional prison grievance forms with the Court on September 25, 2006, claiming that since the MDOC forms were printed on two sides of the page, the original filing omitted certain pages. Defendant also claims that the Magistrate Judge's reliance upon *Houston v. Lack*, 487 U.S. 266, 276 (1988), for the proposition that a document is considered filed when a prisoner delivers it to prison authorities for mailing, is misplaced.

The Magistrate Judge concluded that the September 11, 2006 filing violated the deadline in his August 16, 2005 order. (R&R, p. 8); *see* FRCP 6(a). Furthermore, under the PLRA, a prisoner should file his grievance forms with his Complaint. *Baxter v. Rose*, 305 F.3d 486, 489 (6th Cir. 2002).[1] However, a prisoner's failure to attach copies of the grievance dispositions to the Complaint is not fatal to his claim if in the alternative "he describes with specificity the administrative proceeding and its outcome." *Boyd v. Corrs. Corp. of America*, 380 F.3d 989, 995 (6th Cir. 2004) (citation omitted) (holding that a district court improperly dismissed a prisoner's claim on the basis that he failed to attach the grievance forms to the complaint). Here, Plaintiff has stated on the Form Complaint the grievance number and the outcome of the proceedings. Finally, since this Court referred all pretrial matters to the Magistrate Judge, his decision to accept the filed prison grievance documents past his deadline was not dispositive of Plaintiff's claim and did not constitute clear error nor was contrary to law. FRCP 72(a).

### C. Exhaustion of Administrative Remedies

Defendant argues that Plaintiff's grievance documents do not demonstrate that he exhausted his administrative remedies against Defendant before filing the instant federal lawsuit. The PLRA requires that a prisoner properly exhaust all of his administrative remedies before filing a suit under § 1983. 42 U.S.C. § 1997(e)(a); *Woodford v. Ngo*, 125 S. Ct. 2372, 2382-83 (2006). A plaintiff has the burden of showing that he has exhausted his administrative remedies. *Brown v. Toombs*, 139 F.3d 1102, 1104 (6th Cir. 1998). The Michigan Department of Corrections ("MDOC") has in place a three-step grievance system. From the grievance

---

[1] In fact, the Form Complaint for a 42 U.S.C. § 1983 action used by Plaintiff specifically states, in bold and upper-case type, "ATTACH COPIES OF ALL DOCUMENTS EVIDENCING EXHAUSTION OF REMEDIES." (Compl. ¶ III).

documents submitted to the Court, Defendant argues that Plaintiff did not complete the grievance procedure against Defendant herself.

Complicating the Court's consideration of Plaintiff's claim of administrative exhaustion is the fact that Plaintiff filed several different grievances addressing interrelated claims. Plaintiff filed initially a Step I Grievance Form on December 24, 2003, under SMT 0312 3952, against Defendant Kanani for deliberate indifference to his serious medical needs by taking away his walking cane. Plaintiff did not attach any documentation of a Step II or Step III procedure under this grievance number.

Plaintiff then filed a related grievance under SMT 0401 0026 on December 29, 2003. Although difficult to read from the copy that Plaintiff provides, Plaintiff asserted in his Step I Grievance that Defendant deprived him his constitutional rights by taking away his cane. Plaintiff produces a letter dated January 27, 2004, from Debbie Roth from SMT Health Care concerning Plaintiff's Step I Grievance, stating that Plaintiff's claims were duplicative, therefore invalid, of his previously filed grievance under SMT 0312 3952. Plaintiff then produces a Step III Grievance Resolution dated July 7, 2004, rejecting SMT 0401 0026 since it was duplicative of the previous grievance and already responded to under the other grievance number.

Plaintiff next filed a grievance under SMT 04020 0286 on February 19, 2004, asserting "inhumane treatment and living conditions." Plaintiff claimed that he had been promised an appointment for physical therapy by Debbie Roth and that the appointment never occurred. Plaintiff also mentioned that he still had not been provided with his cane. Plaintiff submits the denial of his Step II Appeal. However, Plaintiff has not filed documentation demonstrating that

he pursued the grievance to Step III. Therefore, Plaintiff did not exhaust his administrative remedies under this grievance.

Finally, Plaintiff submits the Step III Appeal grievance document, under SMT 04030 0429, that was received by MDOC on April 29, 2004. Plaintiff does not include the Step III Response from the grievance procedure, so it is impossible for the Court to know how the situation was resolved. Although not entirely clear from Plaintiff's description of the event on the Step III Grievance Form, it appears that the grievance concerns an unrelated incident where Plaintiff fell down after blacking out. According to Plaintiff, the prison officials claimed that he was "faking it." In the grievance, Plaintiff generally attributes his falling down to the fact that prison officials had previously taken away his cane. Defendant argues, correctly, that this grievance has nothing to do with Defendant's alleged actions in this instance.

Defendant argues that the Court should not place "form over substance" in this instance and find that Plaintiff did not exhaust his administrative remedies against Defendant. The Court finds, from the record submitted by Plaintiff, that Plaintiff did not exhaust its administrative remedies against Defendant as required under statute. Plaintiff has failed to present any evidence that he pursued Grievance SMT 0312 3952 to its conclusion. Given the record, it seems that Plaintiff abandoned that grievance, which does not constitute administrative exhaustion. *See Dean v. Odom*, 19 Fed. Appx. 327, 329 (6th Cir. Sept. 17, 2001) (unpublished).

In *Woodford*, the Supreme Court held that PLRA's exhaustion requirement requires "proper exhaustion [which] demands compliance with an agency's deadlines and other critical procedural rules because no system can effectively function without imposing some orderly structure of the course of its proceedings." 126 S. Ct. at 2386. Here, filing a duplicative

grievance violated MDOC's procedural rules as evidenced by the Step III Resolution of SMT 0401 0026. Moreover, the Step III Response in SMT 0401 0026 did not in any fashion prevent Plaintiff from going forward with the concurrently-filed grievance, SMT 0312 3952. Therefore, the Court finds that Plaintiff did not properly exhaust his administrative remedies as to Defendant.

### III.    CONCLUSION

For the foregoing reasons, the Court **REJECTS** the Magistrate Judge's Report and Recommendation and **GRANTS** Defendant's FRCP 12(b)(6) Motion to Dismiss.

**SO ORDERED.**

                s/Paul D. Borman  
                PAUL D. BORMAN  
                UNITED STATES DISTRICT JUDGE

Dated:  November 29, 2006

### CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on November 29, 2006.

                s/Denise Goodine  
                Case Manager